IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| M.P., a minor by and through his guardian ad litem BRENT PROVINS, | ) ) ) | 2:11-cv-1985-GEB-CKD |
| Plaintiff, | ) ) | |
| v. | ) ) | STATUS (PRETRIAL SCHEDULING) ORDER |
| LOWE'S COMPANIES, INC., | ) ) | |
| Defendant.[1] | ) ) | |
| _____ | ) | |

The status (pretrial scheduling) conference scheduled for hearing on October 31, 2011, is vacated since the parties' Joint Status Report filed on October 10, 2011 ("JSR") indicates the following Order should issue.

DISMISSAL OF DOE DEFENDANTS

Since Plaintiff has not justified Doe defendants remaining in this action, Does 1 through 100 are dismissed. See Order Setting Status

---

[1] The caption has been amended since the parties were violating Federal Rule of Civil Procedure 5.2(a), which proscribes filings that contain "the name of an individual known to be a minor[,]" and according to the Dismissal of Doe Defendants portion of this Order.

1

(Pretrial Scheduling) Conference filed July 28, 2011, at 2 n.2 (indicating that if justification for "Doe" defendant allegations not provided Doe defendants would be dismissed).

### SERVICE, JOINDER OF ADDITIONAL PARTIES, AMENDMENT

Defendant states it "may file a Third Party Complaint against Brent Provins, plaintiff's father, for Comparative Negligence, Indemnity and Equitable Apportionment." (JSR 2:12-14.) Defendant has thirty (30) days from the date this order is filed within which to file the referenced third party complaint, after which time no further service, joinder of parties, or amendments to the pleadings is permitted, except with leave of Court for good cause shown.

### ADDED DEFENDANT'S OPPORTUNITY TO SEEK AMENDMENT OF THIS ORDER

If Defendant files the referenced third party complaint, a copy of this Order shall be served on the defendant named therein concurrently with the service of process.

That defendant has 30 days after said service within which to file a "Notice of Proposed Modification of Status Order." Although a newly-joined party's proposed modification filed within this thirty day period will not have to meet the good cause standard, no further amendments will be permitted, except with leave of Court for good cause shown.

### DISCOVERY

All discovery shall be completed by August 22, 2012. In this context, "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate orders, if necessary, and, where discovery has been ordered, the order has been complied with

or, alternatively, the time allowed for such compliance shall have expired.

Each party shall comply with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)'s initial expert witness disclosure requirements on or before March 23, 2012, and any contradictory and/or rebuttal expert disclosure authorized under Rule 26(a)(2)(D)(ii) on or before April 23, 2012.

### MOTION HEARING SCHEDULE

The last hearing date for a motion is October 22, 2012, commencing at 9:00 a.m.[2] A motion shall be briefed as prescribed in Local Rule 230.

The parties are cautioned that an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence.

### FINAL PRETRIAL CONFERENCE

The final pretrial conference is set for December 17, 2012, at 3:30 p.m. The parties are cautioned that the lead attorney who WILL TRY THE CASE for each party shall attend the final pretrial conference. In addition, all persons representing themselves and appearing in propria persona must attend the pretrial conference.

The parties are warned that **non-trial worthy issues could be eliminated *sua sponte*** "[i]f the pretrial conference discloses that no material facts are in dispute and that the undisputed facts entitle one of the parties to judgment as a matter of law." Portsmouth Square v. S'holders Protective Comm., 770 F.2d 866, 869 (9th Cir. 1985).

---

[2] This time deadline does not apply to motions for continuances, temporary restraining orders, emergency applications, or motions under Rule 16(e) of the Federal Rules of Civil Procedure.

The parties shall file a **JOINT** pretrial statement no later than seven (7) calendar days prior to the final pretrial conference. The joint pretrial statement shall specify the issues for trial, including a description of each theory of liability and affirmative defense, and shall estimate the length of the trial.[3] The Court uses the parties' joint pretrial statement to prepare its final pretrial order and could issue the final pretrial order without holding the scheduled final pretrial conference. See Mizwicki v. Helwig, 196 F.3d 828, 833 (7th Cir. 1999) ("There is no requirement that the court hold a pretrial conference.").

If possible, at the time of filing the joint pretrial statement counsel shall also email it in a format compatible with WordPerfect to: geborders@caed.uscourts.gov.

<u>TRIAL SETTING</u>

Trial shall commence at 9:00 a.m. on March 26, 2013.

IT IS SO ORDERED.

Dated:  October 24, 2011

_____
GARLAND E. BURRELL, JR.
United States District Judge

---

[3]    If a trial by jury has been preserved, the joint pretrial statement shall also state how much time each party desires for voir dire, opening statements, and closing arguments.

4