IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| M.P., a minor by and through his guardian ad litem BRENT PROVINS,<br><br>        Plaintiff,<br><br>    v.<br><br>LOWE'S COMPANIES, INC.,<br><br>        Defendant. | 2:11-cv-01985-GEB-CKD<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S REQUEST TO SEAL DOCUMENTS[*] |

On April 27, 2012, Defendant filed a Request to Seal unredacted versions of the following documents:

> Plaintiff's Unopposed Application for Approval of Minor's Settlement for M. P., a minor [with supporting exhibits ("the Application")]; the Order Approving the Compromise of the Minor's Claim; the record of the hearing on the Application; the Stipulation to Shorten Time to Hear Defendant's Request to Seal; Defendant's Notice and Request to Seal; and any further orders or findings made by the Court in relation thereto (collectively "Confidential Documents").

(Def.'s Notice of Req. to Seal Docs., 1:26-2:7, ECF No. 22.) Defendant argues the Confidential Documents should be sealed since "settlement of the minor's claim was conditioned upon the sealing of the [Application] and related documents[,]" and "the sensitive nature of the alleged incident, the involvement of a minor, and the minor's alleged injuries all create an overriding interest in support of sealing the records

---

[*] This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

1

which outweighs the right of public access." Id. at 4:12-16. Defendant further argues, "Local Rule 140(a) specifically provides for the protection of a minor's privacy, including privacy interests in the minor's identity, the financial account numbers, social security number, and the minor's date of birth." Id. at 4:16-19.

"Two standards generally govern motions to seal documents[.]" Pintos v. Pac. Creditors Ass'n, 605 F.3d 665, 677 (9th Cir. 2010).

> [J]udicial records attached to dispositive motions [are treated] differently from records attached to non-dispositive motions. Those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy. A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions.

Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1180 (9th Cir. 2006). Because approval of the Application is dispositive, the compelling reasons standard applies to Defendant's motion to seal. See Taylor v. AFS Techs., Inc., No. CV-09-2567-PHX-DGC, 2010 WL 2079750, at *2 (D. Ariz. May 24, 2010)("Because approval of the settlement agreement will be dispositive of the FLSA claim, the compelling reasons standard set forth in Kamakana applies to that agreement.")

Under the "compelling reasons" standard,

> the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering these interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

Kamakana, 447 F.3d at 1178-79 (internal quotation marks, brackets and citations omitted). "In general, 'compelling reasons' sufficient to . . . justify sealing court records exist when such 'court files might

. . . become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." Id. at 1179 (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Id.

Defendant has not provided a compelling reason to seal the Confidential Documents except to the extent the Application includes identifying information in violation of Federal Rule of Civil Procedure 5.2 and Local Rule 140(a). Defendant's stated interest in protecting "the sensitive nature of the alleged incident, the involvement of a minor, and the minor's alleged injuries" is belied by the fact that Defendant's Notice of Removal and attached documents includes reference to the minor plaintiff's full name, a factual description of the alleged incident, plaintiff's alleged injury, and the total amount of plaintiff's alleged incident-related medical expenses. (Not. of Removal, ¶¶ 11, 12, ECF No. 1.) Defendant's Third Party Complaint also references the minor plaintiff by full name, describes the alleged incident, and references plaintiff's alleged preexisting medical condition. (Third Party Compl. 2:23-3:13, ECF No. 12.) Further, "[t]he [mere] fact that the parties' agreement contains a confidentiality provision is an insufficient interest to overcome the presumption that a[] [court] approved . . . settlement agreement is a judicial record, open to the public." Taylor, 2010 WL 2079750, at *2. "Once the matter is brought to the court for resolution, it is a public matter. It is immaterial that sealing of the settlement agreement is an integral part of a negotiated settlement between the parties." Pessoa v. Countrywide Home Loans, Inc.,

3

No. 6:06-cv-1419-Orl-JGG, 2007 WL 1017577, at *1 (M.D. Fla. Apr. 2, 2007).

For the stated reasons, Defendant's Motion to Seal is DENIED as to all Confidential Documents except the Application. Concerning the Application, Defendant's Motion to Seal is DENIED in part and GRANTED in part. The Application contains identifying information prohibited by Federal Rule of Civil Procedure ("Rule") 5.2(a) and Local Rule 140(a). Therefore, Defendant shall file a redacted copy of the Application, which conforms to Rule 5.2(a) and Local Rule 140(a), no later than May 11, 2012. No additional redactions are permitted. Further, the Clerk of the Court shall file the unredacted Application (ECF No. 19) under seal.

Dated:  May 2, 2012

```
                                 _____
                                 GARLAND E. BURRELL, JR.
                                 United States District Judge
```